IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40080
Summary Calendar

_____

TIMOTHY WATTS,

Plaintiff-Appellant,

versus

DENNIS K. BLEVINS; PAUL PACE; GENE R. MARTIN; RICKEY DAVIS; RANDALL
B. POTTS; WENDELL B. WARREN; LAURIE A. CARROLL; SANDRA LYNN REED;
GREGORY W. HART; JOHN K. LAYNE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-934

_____

March 10, 1999

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Timothy Watts, Texas prisoner # 356569, appeals the district
court's dismissal of his 42 U.S.C. § 1983 cause of action due to his
failure to exhaust administrative remedies under 42 U.S.C.
§ 1997e, as amended by the Prison Litigation Reform Act (PLRA).
Although Watts concedes that his prison grievances were still pending
when he filed his lawsuit, he argues that § 1997e neither authorizes nor
mandates dismissal of his case.  Under the law of this Circuit, his
argument is without merit.  See Underwood v. Wilson, 151 F.3d 292, 296

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the
limited circumstances set forth in 5th CIR. R. 47.5.4.

(5th Cir. 1998); <u>see also</u> <u>Wendell v. Asher</u>, ___ F.3d ___, 1998 WL 850533, *3 (5th Cir. Dec. 24, 1998).

Watts alternatively argues that the district court should have stayed the proceedings rather than dismiss because the pre-PRLA procedure of staying the case for 180 days survived the amendments by virtue of the general savings clause, 1 U.S.C. § 109. By its terms, however, the general savings clause does not apply to the PLRA amendments to § 1997e. <u>See</u> 1. U.S.C. § 109.

Because Watts has not demonstrated any error by the district court, the judgement is affirmed.

AFFIRMED.